UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donald Osborne,                                  Court File No. _____

          Plaintiff,

v.                                               **NOTICE OF AND PETITION
                                                 FOR REMOVAL**

Northern States Power Company,
d/b/a Xcel Energy, a Minnesota Corporation,
and Securitas Critical Infrastructure Services,
Inc., a Foreign Corporation, Trever Hatfield, an
individual, and Daniel Strauss, an individual,

          Defendants.

TO:    UNITED STATES DISTRICT COURT, DISTRICT OF MINNESOTA.

Defendant Northern States Power Company, d/b/a Xcel Energy ("NSP"), for its Notice of and Petition for Removal of this case to the United States District Court for the District of Minnesota states as follows:

1.     On September 1, 2016, Plaintiff Donald Osborne ("Plaintiff") effected service of a Summons and Complaint upon NSP.

2.     Plaintiff's civil action is venued in the Minnesota State District Court of Hennepin County, Fourth Judicial District, and is captioned *Donald Osborne v. Northern States Power Company, d/b/a Xcel Energy, a Minnesota Corporation, and Securitas Critical Infrastructure Services, Inc., a Foreign Corporation, Trever Hatfield, an individual, and Daniel Strauss, an individual*.

3.      Attached as Exhibit A are true and correct copies of the Summons and Complaint served upon NSP.

4.      No further proceedings have taken place in this action.

5.      This Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).  All Defendants have consented to Removal.

6.      This civil action is removed pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction on the basis of federal question under 28 U.S.C. § 1331. Specifically, Plaintiff's state law claims (Counts One, Two, Three, Four, Five, and Four [sic] of the Complaint) are completely preempted by federal law, including the Atomic Energy Act ("AEA"), 42 U.S.C. § 2011 *et seq.*, the Energy Reorganization Act ("ERA"), 42 U.S.C. § 5801 *et seq.*, and the related federal regulations.

7.      Plaintiff's claims are completely preempted by the AEA, ERA, and related federal regulations.  These federal laws and regulations provide for consistent national standards regulating the nuclear power industry, including detailed administrative requirements for nuclear power plant licensees.  See, e.g., 10 C.F.R. §§ 50, 73.  Any nuclear licensee (such as NSP) must establish, implement, and maintain an Access Authorization Program, which involves a Fitness For Duty (FFD) component applicable to any individual to whom the licensee intends to grant unescorted access, and a licensee must also establish, implement and maintain a security plan and required training for protection of a nuclear facility. In this lawsuit, Plaintiff's claims challenge NSP's decisions in executing the FFD program and training as related to unescorted access, as well as the training and security requirements for protection of a nuclear facility by a

2

licensee. Because imposing liability on NSP for compliance with the AEA's and ERA's requirements and its implementing regulations would create a direct conflict with federal law, Plaintiff's state law claims are preempted by the AEA, ERA, and related federal regulations. See, e.g., Hanni v. Cleveland Electric Illuminating Co., 622 N.E.2d 340, 346 (Ohio App. 1993) (holding that plaintiff's wrongful discharge claim was preempted by the Nuclear Regulatory Commission ("NRC") regulations because "impeding [the employer's] ability to discharge an employee pursuant to NRC regulations which are expressly aimed at promoting safety in nuclear facilities [ ] is a direct and substantial interference with those regulations.").

8. The AEA, ERA, and related federal regulations preempt Plaintiff's state law claims (Counts One, Two, Three, Four, Five, and Four [sic] of the Complaint). Thus, Plaintiff's claims against Defendant are properly removed to this Court as arising under the laws of the United States and presenting federal questions pursuant to 28 U.S.C. § 1331. Further, Defendant contends that the District Court will be acting within its discretion by exercising supplemental jurisdiction over any state law claims not completely preempted, pursuant to 28 U.S.C. § 1367.

9. NSP submits this notice and petition without waiving any defenses to the claims asserted by Plaintiff, or conceding that Plaintiff has pleaded claims upon which relief may be granted.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the alleged events giving rise to Plaintiff's claims occurred in this judicial district.

3

11.     In accordance with 28 U.S.C. § 1446, on September 30, 2016, NSP served a copy of this Notice of and Petition for Removal upon Plaintiff's counsel of record and upon counsel for other Defendants, by e-mailing and depositing said Notice in the U.S. mail addressed to Plaintiff's counsel of record and to counsel for other Defendants.

12.     In accordance with 28 U.S.C. § 1446, on September 30, 2016, NSP filed a copy of this Notice of and Petition for Removal with the Hennepin County Court Administrator, Fourth Judicial District, Minnesota, by electronic filing.

13.     NSP has paid the requisite court fees attendant to the filing of the herein Notice of and Petition for Removal.

WHEREFORE, NSP respectfully requests that the above-entitled action now pending against it in the Minnesota State District Court, Fourth Judicial District, Hennepin County, Minnesota, be removed therefrom to this Court.

Dated: September 30, 2016.                    JACKSON LEWIS P.C.


                                             *s/Michael J. Moberg*
                                             Michael J. Moberg (#0249944)
                                             Alyssa M. Toft (#0388342)
                                             150 South Fifth Street, Suite 3500
                                             Minneapolis, MN  55402
                                             Telephone: (612) 341-8131

                                             ATTORNEYS FOR DEFENDANTS
                                             NORTHERN STATES POWER COMPANY
                                             D/B/A XCEL ENERGY

4825-3481-1449, v. 1